IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MORRIS, and<br>PAULA MORRIS, *his wife*, | : | Civil Action No. 4:14-CV-0709 |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | |
| SHICKSHINNY BOROUGH,<br>JOSEPH NOSS, *a/k/a Barry Noss,*<br>MICHAEL STEEBER,<br>JAMES WIDO,<br>ROSALIE WHITEBREAD, | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

**ORDER**

May 2, 2016

On April 10, 2014, Plaintiff filed a complaint against the above named defendants.[1] The Defendants collectively moved to dismiss the action in part, and Chief Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a report and recommendation recommending a partial grant and partial denial of the motion to dismiss. I agreed with the report and recommendation and approved it.

However, in this Court's April 6, 2015 Order, I warned that

---

[1] ECF No. 12. Plaintiff also had named as a defendant Melissa Weber, but she was dismissed from the action by Order dated April 6, 2015. ECF No. 27.

> The Plaintiffs will be allowed **one** opportunity to amend their complaint to clearly and unambiguously state the claims pursuant to which they believe they are entitled to relief. If an amended complaint is filed with the same rambling, uncertain and shifting grounds for entitlement for relief, it will simply be dismissed.[2]

Plaintiffs duly filed an amended complaint on May 6, 2015.[3] Defendants again moved for partial dismissal, and again the chief magistrate judge wrote a report and recommendation for the benefit of the undersigned.

Despite this Court's April 6, 2015 warning, the Plaintiffs filed an amended complaint that the chief magistrate judge described as "a relatively spare and somewhat confusing document" with "claims [] more specific but also more confusing.[4] The chief magistrate judge had recommended that this Court provide Plaintiffs with a third opportunity to amend their complaint. The Court declines this opportunity.

The United States Court of Appeals for the Third Circuit has explained amendment as such,

> Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served." A motion to dismiss for failure to state a claim must be made "before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b). Thus, in the typical

---

[2] ECF No. 27 at 3 (emphasis added).

[3] ECF No. 31.

[4] ECF NO. 38 at 3 and 6.

case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once "as a matter of course" without leave of court. See 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 12.34[5], at 12-76 (3d ed.1999) (quoting Fed.R.Civ.P. 15(a)). After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).[5]

Plaintiffs have already amended their complaint "once as a matter of course," in compliance with Rule 15, after the first motion to dismiss, with direction clearly provided by both the chief magistrate judge and the undersigned.  To allow Plaintiffs to amend their claims yet a third time would be unjust to Defendants, as any legitimate claims they may have could have, and should have, been flushed out in first amended complaint.   I find that spirit of the federal rules has been complied with in the fact that the operative pleading is the amended complaint.  Allowing amendment merely for the sake of amendment at this juncture serves no point.

     Moreover, it is by now well-established that "[f]ederal district courts have original jurisdiction over all civil actions either "arising under the Constitution, laws, or treaties of the United States"  or where complete diversity of citizenship

---

[5]*Shane v. Fauver,* 213 F.3d 113 (3d Cir. 2000).

exists and the matter in controversy exceeds $75,000."[6]  Supplemental jurisdiction, as codified at 28 U.S.C. § 1367 is limited, however, particularly as it relates to diversity.  "The district courts may decline to exercise supplemental jurisdiction over a claim if – the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "Because federal jurisdiction over this counterclaim is supplemental to the diversity jurisdiction of plaintiff's claims, whether to retain jurisdiction now that plaintiffs' claims have been dismissed is within the discretion of the court."[7]  "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiffs' right."[8]

Consequently, for all of the foregoing reasons, all of the objections to the report and recommendation are overruled.  **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The report and recommendation of Chief Magistrate Judge Martin C. Carlson is ADOPTED in part and REJECTED in part.  March 30, 2016, ECF No. 38.

---

[6]*Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005), *citing* 28 U.S.C. §§ 1331, 1332.

[7] *Saxton Commc'n Grp., Ltd. v. Valassis Inserts, Inc.*, No. 93 CIV. 0388 (MBM), 1995 WL 679256, at *3 (S.D.N.Y. Nov. 15, 1995), 28 U.S.C. § 1367(c)(3) (Supp. V 1993); *Purgess v. Shamrock*, 33 F.3d 134, 138 (2d Cir. 1994).

[8]*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).

2. Defendants' Motion to Dismiss is GRANTED. May 20, 2015, ECF No. 33.

3. Count I is DISMISSED in its entirety.

4. Count II is DISMISSED as to Defendants Wido and Whitebread.

5. Count III is DISMISSED in its entirety.

6. Count IV is DISMISSED in its entirety.

7. Count V is DISMISSED as to Defendants Wido, Whitebread and Shickshinny Borough.

8. The action remains as defamation and loss of consortium claims against Defendants Steeber and Noss. All other claims and defendants are dismissed.

9. The action is DISMISSED without prejudice as the only surviving claims are those over which this Court does not have subject matter jurisdiction.

10. The clerk is directed to close the case file.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge